APPEAL,CLOSED,IFP,PROSE–NP,TYPE–F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:24–cv–02810–UNA</u>

| | |
|---|---|
| PRICE v. FEDERAL COMMUNICATION COMMISSION, et al | Date Filed: 09/30/2024 |
| | Date Terminated: 11/27/2024 |
| Assigned to: Unassigned | Jury Demand: None |
| Demand: $5,000,000 | Nature of Suit: 440 Civil Rights: Other |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**BRANDON PRICE**                    represented by   **BRANDON PRICE**
6571 Stockport Cove
Memphis, TN 38141
(901) 498–3621
PRO SE

V.

**Defendant**

**FEDERAL COMMUNICATION
COMMISSION,**

**Defendant**

**BRENDAN CARR**
*Commissioner*

**Defendant**

**JESSICA ROSENWORCEL**
*Chair*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/30/2024 | | **Initiating Pleading & IFP Application Received on 09/30/2024.** Unable to forward pro se party a copy of the docket sheet as no mailing address was provided . (zljn) (Entered: 10/23/2024) |
| 09/30/2024 | 1 | COMPLAINT against All Defendants filed by BRANDON PRICE.(zljn) (Entered: 10/23/2024) |
| 09/30/2024 | 2 | MOTION for Leave to Proceed in forma pauperis by BRANDON PRICE. (zljn) (Entered: 10/23/2024) |
| 11/01/2024 | 3 | NOTICE of Change of Address by BRANDON PRICE (zdp) (Entered: 11/06/2024) |
| 11/27/2024 | 4 | MEMORANDUM AND OPINION. Signed by Judge Ana C. Reyes on 11/27/2024. (znmw) (Entered: 12/04/2024) |

| 11/27/2024 | 5 | ORDER DISMISSING PRO SE CASE WITHOUT PREJUDICE. Ordered that the application of the plaintiff to proceed in forma pauperis is granted. This is a final appealable Order. Pro Se party has been notified by first class mail. Signed by Judge Ana C. Reyes on 11/27/2024. (znmw) (Entered: 12/04/2024) |
|---|---|---|
| 12/23/2024 | 6 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 5 Order Dismissing Pro Se Case, 4 Memorandum & Opinion by BRANDON PRICE. Fee Status: IFP. Parties have been notified. (zsl) (Entered: 01/17/2025) |

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

BRANDON PRICE,

      Plaintiff,

v.

                                    **Civil Action No. 1;24-cv-02810 (UNA)**

**FEDERAL ELECTION COMMISSION,**

**et al.**

---

## NOTICE OF APPEAL

---

      Notice is hereby given that I Brandon Price, the Plaintiff, hereby Appeal the Order of Dismissal of this Civil Action entered on November 27, 2024.

BRANDON PRICE

6571 STOCKPORT COVE

MEMPHIS, TN. 38141

RECEIVED
Mail Room

DEC 2 3 2024

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent on this **13th** day of **December, 2024**, via prepaid first-class postage to:

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

OFFICE OF THE CLERK

333 CONSTITUTION AVENUE, NW

WASHINGTON, DC 20001

BRANDON PRICE

(2)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRANDON PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Civil Action No. 1:24-cv-02810 (UNA) |
| | ) |
| FEDERAL COMMUNICATION | ) |
| COMMISSION, *et al*., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

For the reasons stated in the accompanying Memorandum Opinion, it is

**ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis*, ECF No.

2, is **GRANTED**, and it is further

**ORDERED** that the complaint, ECF No. 1, and this case, are **DISMISSED** without

prejudice.

This is a final appealable order. *See* Fed. R. App. P. 4(a).

Date:  November 27, 2024

/s/_____
    ANA C. REYES
    United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRANDON PRICE,                ) | |
|                          ) | |
|            Plaintiff,      ) | |
|                          ) | |
| v.                           ) | Civil Action No. 1:24-cv-02810 (UNA) |
|                          ) | |
| FEDERAL COMMUNICATION    ) | |
| COMMISSION, *et al.*,        ) | |
|                          ) | |
|                          ) | |
|           Defendants.     ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on Plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"). The Court will grant the IFP application and dismiss the case for failure to state a claim and on the basis of immunity, *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii).

Plaintiff brings this action against the Federal Communications Commission ("FCC"), its Commissioner, and its Chairwoman, pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See* Compl. at 1. More specifically, he alleges that, in 2023, he was running as a mayoral candidate in Memphis, Tennessee. *See id.* at 2. He contends that several local television networks refused to avail him to use of their facilities, despite affording other mayoral candidates such opportunity. *See id.* at 2–3. In response, on September 13, 2024, Plaintiff filed a complaint through the FCC's online portal, alleging that those networks violated 47 U.S.C. § 315(a). *See id.* at 3. The FCC acknowledged receipt of the complaint and assigned it a tracking number, though Plaintiff asserts that, since its acknowledgment, he has been largely unsuccessful in receiving any updates as to its progress. As a result, Plaintiff now seeks an injunction and $5 million in damages

for Defendants' alleged lack of timely response, which he alleges violates his "Fourteenth Amendment right to Due Process and 47 U.S.C. § 315(a)." *See id*.

First, the Fourteenth Amendment does not apply to federal government, its agencies, or its officials. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954). To the extent that Plaintiff instead meant to raise his due process claims by and through the Fifth Amendment, the United States possesses sovereign immunity from suit against itself, its officials, and its agencies for money damages, except to the extent that it expressly consents to suit. *Dalehite v. United States*, 346 U.S. 15, 30 (1953); *see United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011) (holding that "no Bivens claim is available against [federal officers] in their official capacities"). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).

Here, Plaintiff has neither pleaded nor established that the Government has expressly consented to damages suits for constitutional violations. The Court notes that while the Federal Tort Claims Act ("FTCA") extends a limited waiver of sovereign immunity for certain actions committed by federal employees in the scope of their employment, *see* 28 U.S.C. §§ 1346(b), 2680 (listing exceptions); *Sloan v. Dep't of Housing and Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001), Plaintiff has not cited the FTCA, and in any event, it does not waive sovereign immunity for constitutional claims. *See Helton v. United States*, 191 F. Supp. 2d 179, 180 (D.D.C. 2002) (citing *FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994)).

Second, although 47 U.S.C. § 315(a) indeed requires licensed broadcast stations to allow all qualified political candidates use of their facilities, there is no private cause of action under

Section 315(a). *See Prov. Gov't of Rep. of New Afrika v. Amer. Broad. Comps., Inc.*, 609 F. Supp. 104, 108 (D.D.C. 1985) (citing *Daly v. CBS, Inc.*, 309 F.2d 83, 86 (7th Cir. 1962)); *Butler v. Georgetown Univ.*, No. 22-cv-1517, 2022 WL 1773479, at *3 (D.D.C. June 1, 2022) (same) (collecting cases). Although Plaintiff, once again, does not invoke this authority, the Court notes that, to the extent that Plaintiff seeks to compel an agency action that is allegedly unlawfully withheld or unreasonably delayed, he may attempt to do so under the Administrative Procedure Act ("APA"). *See* 5 U.S.C. § 706(1). But the APA only waives the federal government's sovereign immunity for *non-monetary* claims, *see* 5 U.S.C. § 702 (emphasis added); *see Cohen v. United States*, 650 F.3d 717, 723 (D.C. Cir. 2011) (en banc) ("[T]here is no doubt Congress lifted the bar of sovereign immunity in [APA] actions *not seeking* money damages.") (emphasis added). Therefore, any claims for damages under the APA cannot proceed.

Furthermore, it is unclear how, or why, the Defendants owe Plaintiff any obligation at this juncture. *See id.* "[T]he only agency action that can be compelled under the APA is action *legally required*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original). Plaintiff submitted his complaint to the FCC merely 17 days before filing this lawsuit. The FCC provides clear guidelines regarding the filing of formal and informal complaints. *See* https://consumercomplaints.fcc.gov/hc/en-us/articles/205082880-Filing-a-Complaint-Questions-and-Answers#question_2 (last visited Nov. 13, 2024); https://www.fcc.gov/reports-research/guides/taking-legal-action (last visited Nov. 13, 2024).[1] It appears that Plaintiff filed an informal complaint, and a response owed to an informal complaint, if any, is not due for 30 days and would be issued to him directly by the television networks, not the FCC. *See id.*

---

[1] The Court may take judicial notice of information posted on official public websites of government agencies. *See Cannon v. Dist. of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013).

And a formal complaint requires a filing fee of $605, *see id.*, among other specific mandatory procedural requirements, *see* 47 C.F.R. §§ 1.720 – 1.740. Plaintiff has not pleaded that he has made any efforts in this regard. *See Environ. Health Trust v. FCC*, 9 F.4th 893, 912–13 (D.C. Cir. 2021) (holding that Section 405(a) of the Federal Communications Act, which codifies the exhaustion of administrative remedies, serves as "a condition precedent to judicial review," and allowing the FCC a full and fair opportunity to address legal or factual arguments suit is filed) (quoting 47 U.S.C. § 405(a)) (internal quotation marks omitted).

For all of these reasons, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: November 27, 2024

/s/_____
   ANA C. REYES
   United States District Judge

9